J-A05041-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JOHN KELLEY AND TRICIA KELLEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TODD HARR | : | |
| | : | |
| Appellant | : | No. 1332 WDA 2019 |

Appeal from the Order Entered July 30, 2019
In the Court of Common Pleas of Bedford County Civil Division at No(s):
1008-2018

BEFORE:  BENDER, P.J.E., BOWES, J., and PELLEGRINI, J.[*]

DISSENTING MEMORANDUM BY PELLEGRINI, J.:     **FILED APRIL 22, 2020**

I wish I could join with the majority in this case, especially in view of the whiff of "welcome stranger" influences that may be involved here. However, I cannot do so because the majority "fudges" a salient fact in this case — the date that the notice of appeal was received in the Bedford County Prothonotary's office, as the trial court found, was not established. Accordingly, I respectfully dissent.

The majority correctly sets forth the law regarding that an appeal is deemed to be filed when received by the Prothonotary, even if the filing fee or correct filing fee is not received with the appeal.  For Harr's appeal to have been timely from the February 5, 2019 decision of the Court of Common Pleas

_____

[*] Retired Senior Judge assigned to the Superior Court.

of Bedford County (trial court) order, his notice of appeal would had to have been received by Friday, March 7, 2019. However, the notice was not time-stamped and docketed until March 13, 2019, six days after the appeal deadline. The trial court denied Harr's request for a *nunc pro tunc* appeal because there was no evidence to show when the appeal was received by the Prothonotary.

The majority "acknowledge[s] that the actual date of the Prothonotary's receipt of the notice of appeal was not established with certainty." Nonetheless, ignoring that it was Harr's burden to establish with certainty that it was timely received, the majority uses evidence not of record to find that, without certainty, it was. It arrives at its conclusion that it had to be received prior to the March 7, 2019 deadline by relying on the written unsworn "Declaration" of Karen Marraccini (Ms. Marraccini) that stated that on March 4, 2019, she received a phone call from Barbara Himmler [Ms. Himmler] of the Bedford County Prothonotary's Office stating that the filing fee that her office sent was incorrect, and that Ms. Himmler was holding the appeal until the correct amount was received. Ignoring that Ms. Himmler testified that she has no recollection of this phone call that she placed, I agree that if that statement was not hearsay and admitted into evidence would be sufficient to establish that the appeal was received on March 4, 2019. However, it was hearsay and was not admitted into evidence, so for the purposes of our review of this case, it does not exist.

Ignoring all that, the majority then extrapolates that Ms. Marraccini's statement has to be correct because it correlates with Ms. Himmler's handwritten note on the February 27, 2019 cover letter, which read: "Returned wrong amount[.] Should have been $57.00[.] Sent check on 3-13-19[.]" It does not, however, contain a notation of when it was received.

While based on the letter and post-marked envelope admitted into evidence, there was sufficient evidence to establish that the notice of appeal was sent on February 27, 2019, and there is no evidence if the Prothonotary received the notice of appeal on or before March 7, 2019. While Ms. Himmler's notes on the letter and envelope appear to show that she withheld filing the notice of appeal until she received a new check, they still do not prove on what date she received the notice of appeal, as nether contains any notation of when the notice was received.

Because Harr did not meet his burden establishing when the appeal was received by the Prothonotary, I would affirm the trial court.